UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>MICHAEL HAMMOND,<br><br>Debtor.<br><br>_____<br><br>DDK MANUFACTURING, LLC,<br><br>Appellant/Plaintiff(s),<br><br>v.<br><br>MICHAEL HAMMOND,<br><br>Appellee/Defendant(s). | Appeal Case No. 09-CV-1747MJP<br><br>Bk. Case No. 09-10053-SJS<br><br>Adv. Proc. 09-1204 SJS<br><br>ORDER ON:<br><br>1. APPELLEE'S MOTION TO DISMISS<br><br>2. APPEAL FROM DISMISSAL OF ADVERSARY PROCEEDING |

The above-entitled Court, having received and reviewed

1. Appellee's Motion to Dismiss (Dkt. No. 9), Appellant's Opposition to Motion to Dismiss (Dkt. No. 12), and Appellee's Reply on Motion to Dismiss (Dkt. No. 14)

2. Appellant's Brief (Dkt. No. 8), Appellee's Opening Brief (Dkt No. 10), and Appellant's Reply Brief (Dkt. No. 13)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion to dismiss is DENIED.

IT IS FURTHER ORDERED that the appeal from the dismissal of the adversary proceeding is GRANTED as follows: The dismissal is REVERSED and the matter is remanded to the Bankruptcy Judge with a directive to stay the proceedings while Appellant pursues a clarifying/corrective action in state court pursuant to Wa.R.Civ.P. 60.

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT - 1**

**Motion to Dismiss**

The Court is at something of a loss to understand the bases of this request for "a dismissal of the appeal due to procedural defects or omissions in the record." Mtn to Dismiss, p. 2.

Appellee complains that Appellant "has not met its burden of providing a proper record." Id., p. 3. He points to the failure to provide an appendix or "properly refer to excerpts of the record." Id. Appellee does not cite to any authority for a requirement to provide an appendix for an appeal to the District Court, and the Court did not have any difficulty in understanding either parties' references to the excerpts of the record.

Appellee next cites to BR 8006 for the requirement that "[a]ny party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated," noting that Appellant did not file or serve copies of the items which were designated for the record. A complete reading of the rule, however, reveals that an appellant is not actually required to provide copies of designated items (". . . if a party fails to provide the copy, the clerk shall prepare the copy at the party's expense. . ."). Appellee cites no authority that the remedy for failure to provide the copy is dismissal of the appeal.

Appellee notes that Appellant did not file a complete transcript of the relevant proceedings, citing BR 8009(b)(9) with a claim that providing such a transcript is "mandatory." Mtn to Dismiss, p. 4. Again, a thorough reading of the rule reveals that provision of a transcript is only mandatory for appeals to the Bankruptcy Appellate Panel (BAP). Although Appellant originally filed this appeal with the BAP, Appellee himself elected to have the appeal heard by District Court. Dkt. No. 1, Ex. 4. The rule does not require provision of a transcript for an appeal to this Court.[1]

---

[1] Appellant did file a transcripts of the Bankruptcy Judge's denial of its motion for summary judgment from which it appeals. Excerpt of Record (ER), Dkt. No. 19.

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT - 2**

Appellant properly filed a Designation of Record and Statement of Issues on Appeal as required by the rules. Dkt. No. 4-2. The Court can detect no procedural defects in the filing of this appeal; certainly none that warrant dismissal of the matter. Appellee's motion is DENIED.

**Appeal from Denial of Summary Judgment Motion and Dismissal of Adversary Proceeding**

Background

Appellant DDK Manufacturing, LLC (DDK) sued Appellee Hammond and two business entities (M&J Bottomline, LLC and H.W. Sales, Inc.) in state court. Case No. 06-2-09340-2-KNT. The jury returned a verdict against the defendants. The state court judgment indicates the following:

> Judgment is GRANTED in favor of Plaintiff DDK Manufacturing, LLC on the claim of corporate disregard against Defendant M&J Bottomline, LLC rendering Defendant Michael Hammond personally liable for all assessed damages;
>
> Judgment is GRANTED in favor [sic] Plaintiff DDK Manufacturing, LLC on the claim of agency of undisclosed principal against Defendant H.W. Sales, Inc. rendering said Defendant jointly and severally liable for all assessed damages;
>
> Judgment is GRANTED in favor of Plaintiff DDK Manufacturing, LLC on the claim under the Uniform Fraudulent Transfer Act against Defendant Michael Hammond, with no separate damages assessed against Defendant Michael Hammond under this claim; and
>
> Damages having been established and proven, judgment is hereby entered in favor of Plaintiff DDK Manufacturing, LLC against Defendant M&J Bottomline, LLC and defendant H.W. Sales, Inc., which liability shall be joint and several, in the amount of Eight Hundred Sixty Eight Thousand Five Hundred Forty Four Dollars and no cents ($868,544), with post judgment interest to accrue as authorized by applicable law.

Elison Decl'n in Support of Summ Jmt (AP Dkt. No. 7), Ex. 1, Final Jmt, 2:4-18.[2]

DDK sought to enforce the judgment against Hammond through garnishment. In an affidavit in support of his objection to the garnishment, Hammond stated "[a]fter a jury trial, this court issued a judgment on July 30, 2008 this court [sic] issued a judgment against me and defendant H.W. Sales

---

[2] The "AP Dkt. No." designation refers to the court record in the underlying adversary proceeding, Adv. Proc. 09-1204 SJS.

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT - 3**

1 Inc." Elison Decl'n in Support of Response (AP Dkt. No. 21), Ex. 4.  Following the overruling of his

2 objections to the garnishment, Hammond filed for bankruptcy.  DDK commenced an adversarial

3 proceeding (AP) to obtain an exception to the bankruptcy discharge and moved the Bankruptcy Court

4 for summary judgment on collateral estoppel grounds.

5      In response to the summary judgment motion, Hammond argued that there was no judgment

6 against him personally.  The Bankruptcy Court denied DDK's summary judgment motion on that

7 basis:

8 > THE COURT:  Well, I tell you, it starts out as I think collateral estoppel is applicable here.  The only problem is I don't see where there ever was a judgment entered against Hammond.  So the motion for summary judgment is denied.  What happens next is beyond me.
9
> But I think if a judgment is going to be entered against an individual in the sum of in excess of $800,000, that should be pretty specific and not left to the ambiguity in this court.
10

11 9/18/09 Transcript, Attachment to Order Denying S/J (AP Dkt. No.19), 3:5-14.

12      The Court also denied DDK's request for reconsideration and for a stay so that the issue of

13 any ambiguities in the judgment could be referred to the state court pursuant to Wa.R.Civ.P. 60.[3]  On

14 Hammond's motion, the Bankruptcy Court also dismissed DDK's complaint.  Order Granting Def's

15 Mtn to Dismiss (AP Dkt. No. 24).

---

[3] RELIEF FROM JUDGMENT OR ORDER
   (a) Clerical Mistakes.  Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party...
   (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons:
      (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
* * * *
      (11) Any other reason justifying relief from the operation of judgment.

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT  - 4**

Issues on appeal

DDK assigns error as follows:

1. The Bankruptcy Court erred in ruling that there "is no judgment entered against defendant Michael Hammond in [the] King County Superior Court case..."

2. The Bankruptcy Court erred in failing to give effect to the plain language in the state court judgment entered against Hammond on the corporate disregard claim.

3. The Bankruptcy Court ruling violated the doctrine of equitable estoppel in dismissing DDK's claim based on a new contention by Hammond that ran contrary to his earlier representations.

4. The Bankruptcy Court erred in failing to accord the state court judgment collateral estoppel status.

5. The Bankruptcy Court erred in failing to grant a stay for DDK to obtain clarification under Wa.R.Civ.P 60.

6. The Bankruptcy Court erred in dismissing the action.

Appellant's Opening Brief, Dkt. No. 8, pp. 1-2.

Standard of review

The Bankruptcy Court's findings of fact are reviewed for clear error, while its conclusions of law are review *de novo*. In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001). "Review under the clearly erroneous standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed," while de novo review requires the Court to make an independent judgment of the issues before the lower court without deference to its analysis or conclusions. In re Smith, 242 B.R. 694, 699-700 (9th Cir. BAP 1999).

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT  - 5**

Analysis

The Court finds that Appellant has presented, at most, four appealable issues in this appeal. Issues 1, 2 and 4 are essentially the same issue – did the Bankruptcy Court err in ruling that there was no personal liability assessed against Hammond? Regarding Issue 3, DDK raised equitable estoppel in its motion for reconsideration before the Bankruptcy Court and the record (including the Bankruptcy Court's denial of the motion for reconsideration) does not indicate whether the court below considered it; this Court will address that failure of consideration in this order. Issue 5 – the denial of a stay while DDK obtained clarification of the judgment from the state court – presents a valid issue for appeal. Although the dismissal order designated by Appellant does not state the grounds on which the matter was dismissed and there is no transcript of the proceeding wherein the Bankruptcy Judge stated his rationale on the record, this Court's order addresses Issue 6 indirectly by virtue of its finding on the other appealable issues. The implication is unmistakable that the Bankruptcy Court erred in dismissing Appellant's adversary proceeding.

The Court turns to the issues presented by this appeal:

*1. Was there personal liability assessed against Hammond?*

The Court understands why the Bankruptcy Judge hesitated on the threshold of finding that personal liability had been imposed on Hammond. The judgment from which Appellant wished the Bankruptcy Court to draw this conclusion is not a model of clarity, and the omission of Hammond's name from the final paragraph of the judgment listing the parties against whom judgment is entered is puzzling to say the least. But the Court is compelled, after reviewing all the evidence submitted regarding the outcome of the state court proceeding against Hammond, to find that the record strongly supports a finding that Hammond was in fact found personally liable. The Court finds the evidence sufficiently convincing to rule that it was error not to permit Appellant to seek clarification and correction of the judgment from the court which issued that ruling.

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT - 6**

1    Part of DDK's state court suit against Hammond and his corporate entities involved a claim of

2  "corporate disregard," or piercing the corporate veil.  The jury was instructed:

3
      In exceptional circumstances. . . the court may look beyond the form of a corporation
4     or limited liability company and impose personal liability on members, shareholders or
      directors of that entity.  This is know as disregarding the corporate form or "piercing the
5     corporate veil."  It is appropriate only when

6         a)    an individual has intentionally misused the form of the corporation or limited
                liability company in order to violate or evade a duty owed to another; and
7         b)    disregarding the corporate form is necessary and required to prevent an
                unjustified loss to another person or entity.
8
      Misuse of the corporate form may involve fraudulent misrepresentation or some
9     similar form of manipulation of the corporate form to the member's benefit and the creditor's
      detriment.
10
The instruction then goes on to list the nine elements of fraud, and the jury was instructed that those
11
elements must each be established by "clear, cogent and convincing evidence.  Elison Decl'n (AP
12
Dkt. No. 7), Ex. 3, Instr. No. 9.
13
     In the verdict form, the jury (after making a finding of $868,544 in damages as a result of
14
breach of contract by M&J Bottomline, LLC) answered "yes" to Question No. 2 – "Has plaintiff
15
DDK Manufacturing, LLC proven its claim for 'piercing the corporate veil'?"  Id., Ex. 1-A, Verdict
16
Form.  The judgment states "Judgment is GRANTED in favor of Plaintiff DDK Manufacturing, LLC
17
on the claim of corporate disregard against Defendant M&J Bottomline, LLC rendering Defendant
18
Michael Hammond personally liable for <u>all</u> assessed damages." Id., Ex. 1, Final Jmt, 2:4-6. (emphasis
19
supplied.)
20
     The combination of the language of the "corporate disregard" jury instruction (". . . the court
21
may look beyond the form of a corporation or limited liability company and impose personal liability
22
on members, shareholders or directors of that entity") and portion of the judgment which reflects the
23
jury's finding on that claim ("rendering Defendant Michael Hammond personally liable for all
24
assessed damages") leads this Court to the conclusion that, notwithstanding the omission of
25
**ORDER ON MTN TO DISMISS/**
26 **APPEAL FROM B/R COURT - 7**

1 Hammond from the final "judgment is hereby entered" paragraph of the judgment, the intention of

2 the jury and the state court was to assess personal liability against him.

3       Appellee interposes two arguments in favor of the Bankruptcy Court's finding of "no

4 judgment against Hammond," but neither of them impresses this Court as sound or persuasive.  He

5 cites to the portion of the judgment which states that

6       Judgment is GRANTED in favor of Plaintiff DDK Manufacturing, LLC on the claim under
      the Uniform Fraudulent Transfer Act against Defendant Michael Hammond, with no separate
7       damages assessed against Defendant Michael Hammond under this claim. . .

8 (Elison Decl'n in Support of Summ Jmt (AP Dkt. No. 7), Ex. 1, Final Jmt, 2:10-13) and argues based

9 on that "the jury assessed no monetary liability against Hammond." Appellee's Brief, p. 7.   That is

10 not what that section of the judgment says: it merely reflects a finding of no damages "*under this*

11 *[fraudulent transfer] claim*," which was only one of several claims adjudicated by the jury.  The fact

12 that Appellee makes no reference to the portion of the judgment finding "Michael Hammond liable

13 for all assessed damages" renders this highly selective reading of the document even less compelling.

14

15       It is true that the jury, although they found that fraudulent transfer had been proven, assessed

16 no damages stemming from this particular piece of malfeasance, but it is also true that they found

17 $868,554 damages stemming from M&J's breach of contract and then found that DDK had proven its

18 claim that the corporate veil should be pierced.  The implication of this finding, combined with the

19 "corporate disregard" portion of the judgment is clearly that Hammond is personally liable for the

20 damages assessed by the jury.  At the very least, the portion of the judgment cited by Hammond is

21 certainly not proof positive that he has no liability.

22       Hammond also makes the argument (for the first time on appeal) that the judgment is

23 deficient and unenforceable on the grounds that it does not satisfy RCW 4.64.030.  This "form of the

24 judgment" statute provides that each judgment shall contain a "judgment summary" on the first page

25

26 **ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT  - 8**

which contains information such as the name of the judgment creditor, creditor's attorney, amount of judgment, etc. The judgment in this case does not contain a judgment summary and Hammond argues on that basis that it has no effect.

This argument will be disregarded on the ground that it was never raised below, thus was never considered or ruled upon by the Bankruptcy Judge. Even if the Court were to consider it, however, it lacks persuasive force – the issue on collateral estoppel is whether the issues have been litigated to a conclusion between these parties, regardless of the propriety of the final form of the judgment. If it turns out that the result of the state court action is a finding of personal liability on the part of Hammond, whether the judgment is in perfect statutorily-mandated form will not alter the collateral estoppel effect.[4]

*2. Did the Bankruptcy Court err in failing to consider Appellant's "equitable estoppel" argument?*

The elements of equitable estoppel are enumerated in Kramarevcky v. Dept. of Social & Health Services, 122 Wn.2d 738, 743 (1993):

> . . . (1) a party's admission, statement or act inconsistent with its later claim; (2) action by another party in reliance on the first party's act, statement or admission; and (3) injury that would result to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission. [citations omitted] Equitable estoppel is based on the principle that: a party should be held to a representation made or position assumed where inequitable consequences would otherwise result to another party who has justifiably and in good faith relied thereon. [citation omitted]

Upon realizing that the Bankruptcy Court did not intend to give effect to the jury's verdict against Hammond in the underlying state matter, Appellant cited in its motion for reconsideration two instances where Hammond had acknowledged that a judgment had been entered against him.

---

[4] DDK also cites case law which recognizes that "substantial compliance" with the requirements of RCW 4.64.030 is sufficient. Kim v. Lee, 102 Wn.App. 586, 591 (2000).

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT - 9**

The first was in answer to DDK's complaint in the adversary proceeding;[5] the second was contained in an affidavit filed by Appellee in support of his objection to a writ of garnishment sought by DDK.[6] Both statements were made under penalty of perjury; both contained unequivocal admissions of the existence of a personal judgment against the debtor. Both are inconsistent with Hammond's later position that no personal liability had been assessed against him, and DDK had relied to its detriment on Hammond's acknowledgement of the existence of the judgment. Under these circumstances, the Court finds error in the Bankruptcy Court's failure to consider and uphold Appellant's equitable estoppel argument.

### 3. Was it error not to grant the stay and permit DDK to request clarification per Wa.R.Civ.P. 60?

The analysis above compels the Court to answer this question "yes." Setting aside the confusing omission in the last paragraph of the judgment, the weight of the evidence available concerning the state case (including Hammond's own sworn statements) points towards a determination of personal liability for Hammond. The Court considers the following factors:

1. The stakes in this matter are high – an outstanding judgment (and debt) of over $800,000;
2. There was an acknowledgement by the Bankruptcy Court of ambiguity regarding the intent of the state court (9/18/09 Transcript, Attachment to Order Denying S/J (AP Dkt. No.19), 3:9-14).
3. The procedural mechanism existed to resolve that ambiguity.

---

[5] The complaint stated, at Paragraph 15: "On May 14, 2008, Plaintiff DDK obtained a jury verdict against defendant Michael Hammond in the amount of $868,544.00." Appellee's answer to this complaint stated: "Hammond admits the allegations in paragraph 15." Elison Decl'n in Support of Mtn for Reconsid., AP Dkt. No. 21, Ex's 2 & 3.

[6] "After a jury trial, this court issued a judgment on July 30, 2008 this court [sic] issued a judgment against me and defendant H.W. Sales, Inc." Elison Decl'n in Support of Mtn for Reconsid., AP Dkt. No. 21, Ex. 4.

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT - 10**

    4.    A party to the adversary proceeding requested access to that mechanism.

    5.    The result of proceeding forward without resolving the ambiguity was likely to be an inequitable result (i.e., if the Bankruptcy Court was wrong about the intent of the state court, DDK was going to be left without a remedy when in fact a large sum of money was owing to it).

In light of these considerations, the Court finds the failure to permit a stay of the matter while clarification was sought at the state court level to be error.

Part of the Bankruptcy Court's rationale for not finding in DDK's favor was: ". . . I think if a judgment is going to be entered against an individual in the sum of in excess of $800,000, that should be pretty specific and not left to the ambiguity in this court." Id.   That rationale, however, cuts both ways and the Court finds it error for the Bankruptcy Court not to have availed itself of the opportunity to resolve definitively whether DDK was owed a debt from Hammond that would have qualified as an exception to his requested discharge in bankruptcy.

Hammond argues in support of the Bankruptcy Court's denial of a stay on the grounds that granting the stay would have violated the statutory discharge injunction in place in the bankruptcy proceedings. See BR § 524(a)(2). It is not a sound argument. The discharge was entered as a matter of course on June 22, 2009, well in advance of the prosecution of the adversary proceeding. The idea that this *pro forma* act by the Bankruptcy Court operates as a total bar against any further action which might serve to adjudicate an exemption to the discharge injunction (i.e., any and all adversary proceedings) is hardly logical. The discharge order itself reflects that "[d]ebts that the bankruptcy court. . . will decide in this bankruptcy case are not discharged" are exempted from the effects of the order – therefore a stay to determine whether or not a debt should be exempted from discharge in bankruptcy would fall squarely within the powers of the Bankruptcy Court, and not be barred by the existence of a discharge of the debtor.

**ORDER ON MTN TO DISMISS/
APPEAL FROM B/R COURT - 11**

## **Conclusion**

Appellee's motion to dismiss is DENIED on the grounds that Appellant has committed no procedural errors in prosecuting this appeal that would warrant such an extreme sanction.

Although it appears from a complete review of the record that Appellee was in fact assessed personal liability to Appellant for the verdict of the jury in his underlying state case, this Court shares the Bankruptcy Court's concern that with such a large award at stake it is important to be completely clear on the intent of the state court. It was error not to stay the matter for referral to state court for the purpose of clarifying the effect of the verdict and judgment in the DDK-Hammond lawsuit and the Court REVERSES the dismissal of Appellant's adversary proceeding on that basis. It was also error not to afford legal effect to Appellant's equitable estoppel argument, Appellee having already admitted to the existence of a judgment against him in two sworn statements.

As the Bankruptcy Court has already found that the principles of collateral estoppel would warrant granting DDK's request for exemption from discharge should Hammond be the subject of a personal judgment (by virtue of piercing the corporate veil), this Court is confident that, upon clarification from the state court, the course of the adversarial bankruptcy proceeding will be clear.

The clerk is ordered to provide copies of this order to all counsel and to the Bankruptcy Court.

Dated: July _15_, 2010

_/s/ Marsha J. Pechman_
Marsha J. Pechman
U.S. District Judge